## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **v.** | ) | **Case No. 1:15-po-1417** |
| | ) | |
| | ) | **The Hon. John F. Anderson** |
| | ) | |
| | ) | **Trial Date: September 17, 2015** |
| **TYRELL HAIRSTON,** | ) | |
| **Defendant.** | ) | |
| | ) | |

## DEFENDANT'S MOTION *IN LIMINE* TO LIMIT
## TESTIMONY REGARDING FIELD SOBRIETY TESTS

Defendant Tyrell Hairston, by counsel, hereby moves this Court to enter an order limiting the trial testimony of the United States Park Police officer who administered a series of tasks to Mr. Hairston, commonly referred to as "field sobriety tests" ("FSTs"). As Judge Buchanan of this Court ruled in granting a similar motion in *United States v. Christopher Jones*, 1:09-MJ-631, Order, D.E. 29 (Dec. 10, 2009), police officers who administer FSTs are not expert witnesses who can establish any scientific basis for FSTs and/or the relationship between a defendant's performance on such tests and either sobriety or driving ability. Because in Mr. Hairston's case the officer will be testifying as fact witnesses, their testimony should be limited as follows:

(1) The officer's testimony should be limited to explaining the tasks he asked Mr. Hairston to perform and what he then observed. The officer should be precluded from drawing conclusions in their testimony regarding whether, based on his performance of those tasks, Mr. Hairston was impaired. In addition, the officer should be precluded from describing Mr. Hairston's performance on those tasks as "passing" or "failing," or describing his performance as exhibiting "clues" or "standardized" indicators of intoxication or impairment.

(2)   The officer should also be precluded from referring to the tasks he asked Mr. Hairston to perform as "tests" or "sobriety tests." Those are loaded terms that imply that the tasks are designed to "test" something, and that one's performance on the tasks is scientifically meaningful as to whether the person has "passed" the "test."

## FACTUAL BACKGROUND

This is a DUI case in which there is no blood or breath evidence establishing a blood-alcohol content. According to a United States Park Police ("USPP") incident report, at 3:22 a.m. on May 18, 2015, USPP Officer Harper allegedly observed Mr. Hairston's car speeding on the southbound side of George Washington Memorial Parkway. Officer Harper initiated contact with Mr. Hairston, after which Mr. Hairston stopped and complied with the Officer Harper's directives. According to Officer Harper's report, after smelling what he believed to be alcohol, he removed Mr. Hairston from his vehicle.

Officer Harper then asked Mr. Hairston to perform a battery of FSTs. Specifically, the officer administered three tests to Mr. Hairston: the horizontal gaze nystagmus (HGN), the walk and turn, and the one leg stand. Ultimately, Officer Harper arrested Mr. Hairston and charged him with reckless driving, speeding, driving under the influence, and refusal to take a breathalyzer.

The government has produced in discovery documents relating to Mr. Hairston's performance on the FSTs, including an incident report which refers to clues that law enforcement often rely on as evidence of intoxication or impairment for purposes of probable cause. Given that there is no measurement of Mr. Hairston's blood or breath for alcohol or drugs, it appears

2

that the government will attempt to support the charge of driving under the influence largely by calling Officer Harper to testify regarding Mr. Hairston's performance during the FSTs.

## ARGUMENT

The arresting officer will testify in this case as a fact witness, and, accordingly, his testimony should be limited to his personal observations. Those observations include what tasks he asked Mr. Hairston to perform and what he then observed Mr. Hairston do. As a lay witness, however, he may not buttress those observations with any language suggesting to the Court that some scientific basis exists for correlating those observations to intoxication and/or driving ability. This Court (Buchanan, J.) so ruled in *United States v. Jones*, 1:09-mj-631, granting a similar motion *in limine* and precluding the officer from using the words "tests, pass, fail or clues" and permitting the use of the word "task." *See* Order, D.E. 29, attached hereto as Exhibit 1.

As the Court in *Jones* recognized, the officer is not qualified to offer an opinion on the technical or scientific relationship between an individual's ability to perform FSTs and safely operate a motor vehicle. Nor are officers qualified to testify as to the chemical effects of substances on human performance. Additionally, as the *Jones* Court ruled previously, the officer should not be permitted to characterize Mr. Hairston's behavior as "failing" an FST or as exhibiting standardized "clues" regarding "intoxication" or "impairment."

In order for a witness to testify that an individual has "failed" a certain test, and thereby imply or conclude that an individual is under the influence of alcohol or a drug, the test must satisfy the criteria of Fed. R. Evid. 702, and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). *See United States v. Horn*, 185

F. Supp. 2d 530, 554-55 (D. Md. 2002). Under those principles, scientific or technical evidence is admissible only if the evidence is based on sufficient facts or data, is the result of reliable methods or principles, and is the result of reliable application of those methods or principles to the facts of the particular case. *Id.*

FSTs do not satisfy the criteria set forth in Rule 702, *Daubert* and *Kumho*. *Id.* at 557-59 (D. Md. 2002). As the court in *United States v. Horn* held, FST evidence is not "admissible as direct evidence of intoxication or impairment." *Id.* at 557. The Fourth Circuit has described FSTs as "not scientific, as they involve[] no methodology but rather objective observations of an individual's performance on simple psychomotor tests." *United States v. Daras*, 1998 WL 726748 at *2 (4th Cir. 1998).[1]

Other commentators have similarly acknowledged that FSTs may be poor predictors of whether someone was driving under the influence. *See* Steven J. Rubenzer, *The Standardized Field Sobriety Tests: A Review of Scientific and Legal Issues*, 32 LAW & HUM. BEHAV. 293, 304 (2008) (surveying scientific studies of FSTs and noting "many people with poor balance or coordination may be perfectly fit to drive"); *see also id.* ("it is not at all obvious that raising one's hands 6 in. (15.2 cm) while performing [the] Walk and Turn [test], or failing to touch heal to toe on one of 18 steps, or even losing one's balance relates to impairment while driving"). Moreover, FSTs are rendered less reliable indicators of intoxication when variations in administration and scoring are taken into account. *Id.* at 307.

---

[1]     In *Daras*, the Court distinguished the HGN test from others typically used by law enforcement, but declined to decide whether the HGN test could be considered "scientifically reliable." *Id.*

In assessing the scientific reliability of the FSTs, the *Horn* court discussed a 1994 study which supported the theory that people could be classified as intoxicated/impaired as a result of unfamiliarity with a particular task as opposed to actual BAC. *Id.* at 539-40 (discussing 1994 study by Spurgeon Cole, *Field Sobriety Tests: Are They Designed for Failure?*, published in Perceptual and Motor Skills). In that study, a researcher videotaped a group of sober individuals performing either normal, everyday activities such as reciting their addresses or walking in a normal manner, or the walk-and-turn and one leg stand tests. According to the results, 46% of the officers who viewed the sober individuals performing the walk-and-turn and one leg stand tests opined that they had had too much to drink, compared with 15% of the officers reaching this conclusion after viewing the individuals performing everyday activities. *Id.* at 540.

After surveying this study and other scientific justifications for FSTs, the *Horn* court ruled that police officers may testify as to what they actually observed in administering such tasks, but may not assert to the factfinder any scientific or technical connection between those observations and being under the influence:

> If offered as circumstantial evidence of alcohol intoxication or impairment, the probative value of [FSTs] derives from their basic nature as observations of human behavior, which is not scientific, technical, or other specialized knowledge. To interject into this essentially descriptive process technical terminology regarding the number of 'standardized clues' that should be looked for or opinions of the officer that the subject 'failed' the 'test,' especially when such testimony cannot be shown to have resulted from reliable methodology, unfairly cloaks it with unearned credibility. . . . [W]hen testifying about [FSTs] a police officer must be limited to describing the procedure administered and the observations of how the defendant performed it, without resort to terms such as 'test,' 'standardized clues,' 'pass,' or 'fail' . . . .

*Id.* at 559.

5

The horizontal gaze nystagmus ("HGN") test, which was one of the tasks administered by the arresting officer, provides a good example of why the officer's testimony should be limited to merely what he observed. While there is evidence that HGN is affected by alcohol consumption, there are at least 38 other causes of HGN. *See Horn,* 185 F. Supp. 2d at 555-56. As the *Horn* court noted, "the presence of exaggerated HGN in a driver clearly is circumstantial, not direct, evidence of alcohol consumption." *Id.* at 556, n.44 & n.45 (ruling that an officer can testify as to the presence of nystagmus, but not that its presence indicates intoxication). Moreover, courts have generally held that police officers are not competent to testify regarding the scientific bases for this test, including the medical and neuro-physiological aspects of the test. *Id.* at 552 n.39; *see also People v. Leahy*, 882 P.2d 321, 334 (Cal. 1994) (holding officer was not qualified to testify HGN was caused by alcohol consumption). And here, where the suspected impairment comes from something other than alcohol, it is not at all clear that the HGN testimony even meets the test of relevance under Fed. R. Evid. 401.

Accordingly, the officer in this case should be permitted to testify only about the behavior he observed. Officer Harper should not be permitted to testify about technical or scientific information, *i.e.* that certain behavior constitutes a "failure" of a "test" or is a "standardized clue" regarding "intoxication" or "impairment." *Horn*, 185 F. Supp. at 533, 558-60. Those are scientific determinations they are not qualified to make.

Finally, nothing in this Motion is intended to preclude USPP officers from offering *lay opinion* based on what they observed during the FSTs—or at any other time—regarding Mr. Hairston's alleged impairment (provided that such testimony is otherwise admissible under Fed. R. Evid. 701). For example, while a lay witness should be precluded from stating an opinion that

6

a person was too impaired to drive because he exhibited at least three "clues" on "sobriety tests," he or she might be permitted to testify that the person appeared impaired because he was unable to stand without leaning on his vehicle. Such an opinion should be admitted, however, only if the Court determines it to be helpful to clearly understanding the testimony. *See* Fed. R. Evid. 701(b). Depending on the facts, it is not clear that such testimony would meet that test. For example, if an officer testifies that the person was unable to stand without leaning on his vehicle, the factfinder would be just as capable as the officer of drawing a conclusion regarding impairment from that fact, and the opinion would likely be inadmissible.

## CONCLUSION

For the reasons stated above, and in accordance with the prior rulings in *Jones* and *Horn*, Mr. Hairston respectfully requests that the Court grant his motion *in limine* and issue an order limiting the officer's testimony to what they observed.

Respectfully submitted,
TYRELL HAIRSTON

By Counsel,
Geremy C. Kamens,
Acting Federal Public Defender


By:_____/s/_____
Elizabeth A. Mullin
Virginia Bar Number 83338
Assistant Federal Public Defender
Counsel for Mr. Hairston
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600-0879 (telephone)
(703) 600-0880 (facsimile)
Elizabeth_Mullin@fd.org (electronic mail)

8

CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2015 I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Alissa Savino, Esq.
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700

Pursuant to the Electronic Case Filing Policies and Procedures, a courtesy copy of the foregoing pleading will be delivered to Chambers within one business day of the electronic filing.

                                                        /s/
                                        Elizabeth A. Mullin
                                        Virginia Bar Number 86668
                                        Counsel for Mr. Hairston
                                        Assistant Federal Public Defender
                                        1650 King Street, Suite 500
                                        Alexandria, Virginia 22314
                                        (703) 600-0879 (telephone)
                                        (703) 600-0880 (fax)
                                        Elizabeth_Mullin@fd.org (e-mail)

9

# EXHIBIT A:

## Order in 1:09-MJ-631

DEC / 0 2009

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) CRIMINAL NO. 1:09mj631 |
| | ) |
| | ) |
| CHRISTOPHER JONES | ) |
| Defendant | ) |

## O R D E R

FOR REASONS stated from the bench and in accord with specific
rulings and instructions thereto, it is

ORDERED that defendant's Motion in Limine to Limit Testimony
Regarding Field Sobriety Tests is GRANTED.  The Officer will not
use the words "tests, pass, fail, or clues", but may use the word
task instead.

IT IS FURTHER ORDERED that defendant's Motion to Dismiss Count
1 is GRANTED.

IT IS FURTHER ORDERED that defendant's Motion to Exclude
Evidence Regarding his Refusal to Consent to Chemical Tests is
DENIED.

IT IS FURTHER ORDERED that defendant's Motion to Suppress
Statements is DENIED.

ENTERED this 10 day of December, 2009.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

Alexandria, Virginia